IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUELA CANCINO CONTRERAS MORALES, individually and as Successor-In-Interest to Ruben Mesa Morales, deceased; RUBEN ALEJANDRO MORALES, individually and as Successor-In-Interest to Ruben Mesa Morales, deceased, by and through his Guardian Ad Litem, Manuela Cancino Contreras Morales,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY OF DELANO, a municipal corporation; CITY OF DELANO POLICE DEPARTMENT, an entity of unknown business organization; MARK P. DEROSIA, individually and in his capacity as Chief of Police of the City Of Delano Police Department; JOSE MEJIA, individually and in his capacity as a reserve officer of the City Of Delano Police Department; SHAUN MANUELE, individually and in his capacity as an officer of the City Of Delano Police Department; COUNTY OF KERN, a municipal corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 1:10-cv-1203-AWI-JLT<br><br>ORDER GRANTING MOTION FOR APPOINTMENT AS GUARDIAN AD LITEM<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Docs. 3, 4) |

### I. Background

Plaintiffs are proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. In their complaint, they allege that Ruben Mesa Morales was shot and killed unlawfully by law enforcement officers. Plaintiff Manuela Cancino Contreras Morales alleges that she was the wife of the decedent and that Ruben Alejandro Morales[1] was the decedent's minor child. (Doc. 1 at 2)

Before the Court are two motions, both filed on June 30, 2010. In the first, Plaintiff Manuela Cancino Contreras Morales seeks appointment as the guardian ad litem for her minor child, Ruben Alejandro Morales. (Doc. 4) In the second, Ms. Morales seeks permission to proceed in this action in forma pauperis ("IFP"). (Doc. 3)

### II. Motion for appointment of guardian ad litem

In support of her motion, Ms. Morales attests that her child, Ruben, is seven years old and is the sole surviving child of Plaintiffs' decedent, Ruben Mesa Morales.[2] (Doc. 4 at 2) Ms. Morales asserts that she is the sole provider and caretaker of the child and is willing and able to take on the role of guardian ad litem for the boy. Id.

Based upon these sworn representations, the Court **GRANTS** Ms. Morales' request to be appointed as the guardian ad litem for her son, Plaintiff Ruben Alejandro Morales.

### III. Motion to proceed in forma pauperis

On June 30, 2010, Plaintiffs filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 3) In support of this motion, Plaintiff, Ms. Morales, asserted that she lives in Zacatecas, Mexico where she is employed as a teacher. (Doc. 3 at 2-3) She earns $700 per month and uses this money to support herself and her two minor children. (Doc. 3 at 2) As she can, she provides financial support for her parents and her mother-in-law also. (Doc 3 at 3) Also, her son, Ruben, receives $1,057 per month in benefits from Social Security due to his

---

[1] Counsel is reminded of the privacy concerns for minor children outlined in Local Rule 140. Counsel is ordered to review the Rule and determine whether redaction of the child's name should occur in future filings.

[2] Ms. Morales asserted that the child's birth certificate was attached to her motion but it was not.

father's death. Id. Ms. Morales owns a small home in Mexico, valued at $10,900, and a car worth about $800. Id. After paying her husband's funeral expenses out of life insurance policy benefits, she maintains the balance of the insurance proceeds in a savings account in the amount of $4,600. Id.

Based upon the declaration submitted, the Court finds that Ms. Morales has satisfied the indigency requirements of 28 U.S.C. § 1915 and that Plaintiff is unable to pay the costs of commencing this action. Accordingly, Plaintiff's IFP motion is **GRANTED.**

**IV.    The Court is required to screen Plaintiff's complaint**.

The Court is required to review a case filed IFP. 28 U.S.C. §1915(a); 28 U.S.C. 1915(e). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

**A. Section 1983 complaint**

Plaintiff's complaint seeks damages under 42 U.S.C. § 1983. To warrant relief under §1983, plaintiffs must show that the defendants' acts or omissions caused the deprivation of the their constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by plaintiffs. See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371(1976)).

///

**B.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a).  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of plaintiffs' claim plainly and succinctly.  Jones v. Community Redevelopment Agency,  733 F.2d 646, 649 (9th Cir. 1984).  In other words, the complaint must give the defendants fair notice of what constitutes the plaintiffs' claims and the grounds upon which they rests. Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that plaintiffs are entitled to relief under a viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).

In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009), the Court observed,

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [Citations]. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Citation].  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." [Citation].

The Court further clarified that,

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. The Court instructed, "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  Id. at 1950.  However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

**C.     Analysis**

       **i.     Summary of the Allegations**

Plaintiffs allege that their decedent, Ruben Alejandro Morales, was shot and killed by members of the Delano Police Department on July 6, 2009. (Doc. 1 at 6-7) At the time, the decedent rented a room in the home of Maria Nunez. Id. When Ms. Nunez arrived home at about midnight, she noticed that the front door was ajar and there were lights flickering inside. Id. When the police arrived, Nunez reported that the decedent was lawfully inside. Id. However, after other officers inspected the home and "cleared it," officers Mejia and Manuele entered the residence from the backyard. Id. When they encountered the decedent in his bedroom, Mejia shot him at "point-blank" range. Id.

After the shooting, the decedent lay on the floor awaiting medical assistance but it was not provided in a timely fashion. (Doc. 1 at 7-8) Eventually the Delano Police officers requested medical attention and medical personnel were dispatched by the County of Kern. Id. When the medical personnel arrived, the decedent was still alive. Id. The Kern County personnel transported the decedent to Delano Regional Medical Center where he died. Id.

Based upon these factual allegations, the Plaintiffs seek to impose liability under 42 USC § 1983 for violations of the decedents' Fourth, Fourteenth and Eighth Amendments rights and for violations of their Fourth and Fourteenth Amendment rights. They seek to impose liability based upon state law claims for wrongful death, battery and negligence also.

### ii. The Alleged Defendants

Plaintiffs name Delano police officers, Jose Mejia and Shaun Manuele, in their individual capacities. The name also, Delano Police Chief, Mark Derosia, in his individual capacity, the City of Delano and the City of Delano Police Department. Finally, they name the County of Kern.

### iii. The complaint does not state a claim for violation of the decedent's Eighth Amendment rights.

The Eighth Amendment's protection against cruel and unusual punishment applies only to convicted prisoners. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Bell v. Wolfish, 441 U.S. 520, 535 (1979). As to pretrial detainees, it is the Fourteenth Amendment's Due Process

Clause that protects against excessive force that amounts to punishment. Graham, 490 U.S. at 395 n. 10; Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002). On this basis, the Ninth Circuit has determined that the Fourth Amendment's standards set the applicable constitutional limitations for considering claims of excessive force . Gibson, 290 F.3d at 1197; Short v. Sanzberro, 2009 U.S. Dist. LEXIS 122519 at *8 (E.D. Cal. 2009).

In the first cause of action, Plaintiffs allege that the decedent suffered violations of his Eighth Amendment rights when Mejia shot him and when the officers failed to immediately summon medical care to the scene. (Doc. 1 at 10-12) However, the complaint does not allege that the decedent was a convicted inmate. (Doc. 1 at 7) To the contrary, it alleges that the incident occurred in the decedent's home after he had returned home from work. Id.  Therefore, the Eighth Amendment does not apply and the claims based thereon are **DISMISSED.**

        **iv.**       **Plaintiffs have failed to state a cause of action against the County of Kern**

In the complaint, Plaintiffs allege that when the Delano Police officers called for medical attention for the decedent, the County of Kern dispatched medical personnel to the scene of the shooting. (Doc. 1 at 8) They allege that "Kern County medical personnel" arrived at the scene and, at that time, the decedent was still alive. Id. The personnel took the decedent to Delano Regional Medical Center where he died. Id. These are the entirety of the allegations related to the acts attributed to the County of Kern at the scene of the shooting.  Notably, although the complaint alleges that Kern County maintained unconstitutional customs or policies, there are no allegations of any unlawful acts that caused the alleged damages.[3] Therefore, the Court will **DISMISS** all claims related to the County of Kern with leave to amend.

        **v.**       **The complaint is vague because Plaintiffs has failed to attach "Exhibit**

---

[3] Moreover, the Court is concerned that Plaintiffs are confusing private ambulance personnel with employees of the County of Kern. Nevertheless, the Plaintiffs' contention that the County of Kern employed medical personnel whose job entailed transporting patients to area hospitals, although contrary to the Court's knowledge of first responders in this area, may be sufficient if supported by factual allegations. For example, Plaintiffs should provide additional details that outline which of Kern County's personnel took unlawful action or, at a minimum, what department within the County did so.

1" to the declarations attached as "Exhibit 1" to the complaint.

The complaint refers to "the Declarations as Successors-In-Interest, attached hereto as Exhibit 1". (Doc. 1 at 3) In turn, each of these declarations refer to the "certified copy of the decedent's death certificate" that purports to be attached to the declarations as "Exhibit 1." (Doc. 1 at pages 2 and 4 of "Exhibit 1" to the complaint)  However, the death certificate is not attached.  This omission creates ambiguity and vagueness in the complaint.  As a result, the Court will **DISMISS** the complaint with leave to amend.

### vi. The complaint is vague in its reference to the Delano Police Department.

In the caption of the complaint, Plaintiffs refer to the Delano P.D. as " an entity of unknown business organization."   However, in the body of the complaint, Plaintiffs seem to allege that the Delano Police Department is an agency of the City of Delano.  (Doc. 1 at 3, ¶ 7)  Moreover, the paragraph describing the Delano Police Department appears to be missing much of the intended allegation.  (Doc. 1 at 3 ¶ 8) The first line of this paragraph reads only, "At all times relevant herein, the City of Delano Police Department ("DELANO P.D.")."  As can be seen, the sentence is incomplete and appears to lack, most notably, Plaintiffs' allegations as to its business structure and its capacity to be sued.

The inconsistency between the caption and the body of the complaint creates an ambiguity.  Moreover, if the Delano Police Department is an entity that is legally separate from the City of Delano, then only one of these entities can be held liable for creating the unconstitutional custom or policy that is at issue and only one could be the employer of the individual defendants.  Due to the vagueness of this issue, the Court will **DISMISS** the complaint with leave to amend.

On a related note, assuming the Delano Police Department is a mere agency or department of the City of Delano, the Police Department is not amenable to suit.  In <u>Vance v. County of Santa Clara</u>, 928 F. Supp. 993, 995-996 (N.D. Cal. 1996), the court held,

> The term "persons" encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law,

and local governmental entities. Martin Schwartz and John Kirklin, Section 1983 Litigation: Claims Defenses and Fees, § 5.2 (2d ed. 1991). However, the term "persons" does not encompass municipal departments. "Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." Stump v. Gates, 777 F. Supp. 808, 816 (D. Colo. 1991).

Likewise, this Court has held repeatedly that although a governmental entity is a proper defendant in §1983 litigation, its agencies are not. Hunter v. County of Sacramento, 2006 U.S. Dist. LEXIS 74383 at *11 (E.D. Cal. Sept. 29, 2006); Wallace v. Sacramento Sheriff, 2007 U.S. Dist. LEXIS 79263 at *1 (E.D. Cal. Oct. 12, 2007); Gonzalez v. Merced County, 2009 U.S. Dist. LEXIS 40307 at *3, n. 1 (E.D. Cal. May 13, 2009); Garcia v. City of Merced, 2009 U.S. Dist. LEXIS 88277 at *5, n 4 (E.D. Cal. Sept. 25, 2009).  Because the Court is granting leave to amend, Plaintiffs will be permitted to clarify this point and omit reference to the Delano Police Department, if appropriate.

### C. Conclusion

In summary, the Court must dismiss Plaintiffs' complaint as to all defendants because it is vague and, as such, they have failed to state a cognizable claim.  Moreover, the claims based upon the Eighth Amendment are not proper in this instance.  Finally, the complaint fails to state a claim against the County of Kern and the pleading ambiguity regarding the Delano Police Department must be corrected.

However, the Court will grant Plaintiffs an opportunity to amend the complaint to address the above deficiencies.  Plaintiffs are informed that the Court cannot refer to a prior pleading in order to make Plaintiffs' amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiffs file an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiffs' complaint is **DISMISSED WITH LEAVE TO AMEND**; and

2. Plaintiffs are **GRANTED** <u>14 days from the date of service of this order to file an amended complaint.</u> The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint."

Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **July 7, 2010**                              /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE