1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA,

# FRESNO DIVISION

| | |
|---|---|
| MANUELA CANCINO CONTRERAS MORALES, and R.A.M;<br><br>                    Plaintiffs,<br><br>         vs.<br><br>CITY OF DELANO; MARK P. DEROSIA;<br>JOSE MEJIA; SHAUN MANUELE; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO. 1:10-cv-1203-AWI-JLT**<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER**<br><br>**(Doc. 37)** |

Pursuant to the Parties' Stipulation filed on May  26, 2011, IT IS HEREBY ORDERED AS FOLLOWS:

### Scope

1.    This Protective Order shall govern all documents produced or disclosed in this action, or any information disclosed from those documents during a deposition or any pleadings filed with this Court, in this Action by either party (the "Designating Party") to the other party ("the Receiving Party").

**Confidential Information**

2.      "Confidential Information" means:

(A)     Any information contained in a document that is stamped with "Confidential" or "Confidential – Subject to Protective Order"; or,

(B)     Any information contained in a document that is stamped with "Confidential – Attorney's Eyes Only."

3.      Stamping "Confidential," "Confidential – Subject to Protective Order" or "Confidential – Attorney's Eyes Only" on the cover of a multiple page document shall classify all pages of the document as confidential unless otherwise indicated by the disclosing party.

**Permissible Disclosure of Confidential Information**

**A.      Confidential Information**

4.      Subject to Paragraph 5, the Receiving Party may show and deliver documents stamped with "Confidential" or "Confidential – Subject to Protective Order" to the following people:

(A)     Parties and their counsel including attorneys, paralegals, stenographic and clerical staff employed by such counsel;

(B)     Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

(C)     The Court, Special Master appointed by the Court, mediator, and any members of their staff whom it is necessary to disclose the information;

(D)     Any outside consultant or expert (and any employee thereof who would, in the course and scope of their employment, handle the at-issue documents), whether formally retained or not; and

(E)     Subject to Paragraphs 9 through 11, any witness during a deposition.

**B.      Confidential Information – Attorney's Eyes Only**

Law Office Of
Mark Pachowicz, APLC
771 Daily Dr, Ste. 230,
Camarillo, ca  93012
tel. (805) 987-4975

Subject to Paragraph 5, the Receiving Party may show and deliver documents stamped with "Confidential – Attorney's Eyes Only" to the following people:

    (A)    Attorneys, paralegals, stenographic and clerical staff employed by such counsel;

    (B)    The Court, Special Master appointed by the Court, mediator, and any members of their staff to whom it is necessary to disclose the information;

    (C)    Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

    (D)    Any outside consultant or expert whether formally retained or not; and

    (E)    Subject to Paragraphs 9 through 11, any witness during a deposition.

5.    If the Receiving Party provides Confidential Information to any person entitled to such information by the terms of this Order, such person shall be provided with a copy of the fully executed Protective Order, which he or she shall read.  Upon reading the Protective Order, such person shall sign a Certification, the form annexed hereto as Exhibit A, acknowledging that he or she has read the Protective Order and shall abide by its terms.  The Receiving Party shall retain all executed Certifications until the end of the instant litigation.  In the event of a possible violation of this protective order, during the pendency of this litigation, and upon a showing of good cause, the Court may order production of the executed Certifications to the Designating Party.  Otherwise, these Certifications are strictly confidential and are not subject to any discovery request during the pendency of this litigation.  No more than thirty (30) calendar days after the end of this litigation in the instant case (as defined *infra* Paragraph 6), the Receiving Party shall provide all executed Certifications to the Designating Party.

**Law Office Of
Mark Pachowicz, APLC**
771 Daily Dr, Ste. 230,
Camarillo, ca  93012
tel. (805) 987-4975

-3-

STIPULATION FOR PROTECTIVE ORDER                                       CASE NO.: 1:10-CV-1203-AWI-JLT

6.      The instant litigation is at an end when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

### Use of Confidential Information

7.      Confidential Information shall only be used for preparing for and prosecuting this case pending the completion of the judicial process, including appeal.  No person to whom this information is disclosed shall cause or permit it to be used for any other purpose.

8.      Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its client with respect to this Action and, in the course thereof, relying upon Confidential Information provided that in rendering such advice, counsel shall not disclose the other party's Confidential Information other than in a manner provided for in this Protective Order.

9.      If Confidential Information is used, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "Confidential – Subject to Protective Order" or "Confidential – Attorney's Eyes Only" depending on the nature of the Confidential Information used.  If any portions of the deposition transcript and/or video or audio versions of the depositions containing Confidential Information, or references thereto, are filed with the Court, it shall be done in compliance in Paragraph 17 of this Protective Order.

10.      A copy of this Order shall be attached as an exhibit to said deposition transcripts and the court reporter shall be subject to said Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any

Law Office Of
Mark Pachowicz, APLC
771 Daily Dr, Ste. 230.
Camarillo, ca  93012
tel. (805) 987-4975

-4-

STIPULATION FOR PROTECTIVE ORDER                                    CASE NO.: 1:10-CV-1203-AWI-JLT

copies thereof, or portions thereof, to any persons or entities other than counsel of record in the instant action.  Furthermore, any audiotape and/or videotape of said deposition shall be subject to the Protective Order.  A copy of the Protective Order shall be attached as an exhibit to said audiotape and/or videotape and the court videographers shall be subject to the Protective Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record.  Any audiotape shall similarly be subject to the Protective Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

11.    Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any Confidential Documents or confidential information therein are used: the receiving party, the disclosing party, any parties' counsel, the court reporter, the court videographers, if any, and any of the named parties in this action.  In the event that Confidential Information marked "Attorney's Eyes Only" is to be used in the deposition, then the receiving party or parties shall be excluded from the deposition; however, counsel for the receiving party or parties shall continue to be permitted.  Those attending any depositions using Confidential Documents shall not disclose to any person or entity not otherwise entitled to the confidential information, in any manner, including orally, any statements made by the deponents during the course of said depositions referencing Confidential Information, and any such disclosure shall be construed as a violation of the Protective Order.

**Protection of Confidential Information**

12.    Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to only those persons authorized by the Protective Order.

**Law Office Of**
**Mark Pachowicz, APLC**
771 Daily Dr, Ste. 230.
Camarillo, ca  93012
tel. (805) 987-4975

-5-

13.    Any party that is served with a subpoena or other request for production of Confidential Information produced by the other party must immediately give written notice of such subpoena or other notice to the original Designating Party so as to afford the original Designating Party an opportunity to obtain an order barring the production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information.  Upon receiving such notice, the original Designating Party shall bear the burden of opposing, it it deems appropriate the subpoena or request for production.  In no event should production or disclosure be made without written approval by the original Designating Party unless required by Court order arising from a motion to compel production or disclosure of Confidential Information.

14.    No more than thirty (30) calendar days after the end of litigation (as defined *infra* in Paragraph 6) in the instant case, the Receiving Party, and every other person and/or entity who received Confidential Information shall (1) destroy such documents and any copies thereof and provide written notification of such destruction to the producing party or (2) return such documents and any copies thereof to the producing party.

## Challenges to Designation

15.    Any party may object to the propriety of the designation of Confidential Information by serving a written Objection to the designation.  The objecting party must do so sufficiently in advance of the discovery cut-off date to permit compliance with the Federal Rules of Civil Procedure and Local Rules in noticing a motion to remove the confidentiality designation for hearing prior to the discovery cut-off date.  All subsequent proceedings related to such challenge will be in accordance with Local Rules.

/ / /

/ / /

/ / /

**Law Office Of**
**Mark Pachowicz, APLC**
771 Daily Dr, Ste. 230.
Camarillo, CA  93012
tel. (805) 987-4975

-6-

STIPULATION FOR PROTECTIVE ORDER                    CASE NO.: 1:10-CV-1203-AWI-JLT

**Filing Confidential Information in Court Records**

16.    Documents covered by this protective order may be filed under seal _only_ upon written order of the Court.  Any party requesting the authority to file documents under seal must comply with the Local Rules of the United States District Court Eastern District of California, Rule 141. ~~The parties shall use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Confidential Information:~~

~~For all pretrial discovery and non-discovery related motions, memorandum of law, certification, exhibit annexed thereto that contained Confidential Information shall be filed by placing the original and judge's copy of the document in sealed separate envelops with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Confidential material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by the Court.  A Notice of Manual Filing shall also be electronically filed identifying material being manually filed.~~

17.    Any documents authorized to be filed under seal will remained sealed unless the Court orders the documents to be unsealed in accordance with Local Rule 141(f).  ~~All confidential information contained in documents designated as Confidential used at trial and in all post-trial proceedings shall become public unless a separate court order is obtained upon noticed motions and sufficient cause shown.  In that respect, n~~Nothing herein shall prejudice any parties' rights to object to the introduction of any Confidential Information into evidence, on grounds, including, but not limited to, relevance and privilege.

**Special Provisions**

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 230,
CAMARILLO, CA  93012
TEL. (805) 987-4975

18.   Some or all documents subject to this agreement may be documents responsive to the plaintiffs' Request for Identification and Production of Documents (Set One) to defendant City of Delano.  The defendant responded with objections that documents responsive to Request Nos. 6, 7, 8, 9, 10, 11, 15, 29, 30, 31, 35, 36, 37, 38, 42, 43, 48, 49, 50, 51, 52, 53, and 54 and, in doing so, served a privilege log for the documents and things for which the defendant asserts various privileges.

19.   The parties agree that the documents and items delineated in the privilege log are the proper subject of a privilege.  The Plaintiffs agree to waive any motion to compel responses to those items objected to as identified in Paragraph 18 by the signing of this Stipulation to produce the documents agreed upon and outlined in Paragraph 20.  Relevant documents are specifically identified as those occurring on the date of the subject incident, July 7, 2009, to five (5) years prior to the incident.

20.   The documents to be produced are identified as (1) Excessive Force Complaint, dated 07/06/06 (IA 2006-05); (2) Excessive Force Complaint dated 03/21/09 (IA 2009-05); (3) Officer Involved Shooting dated 07/07/09 (IA 2009-07); (4) Officer Involved Shooting dated 04/08/07 (IA 2007-04); (5) Officer Involved Shooting dated 07/11/06 (IA 2006-04); (6) Officer Involved Shooting dated 11/30/04 (IA 2005-05); (7) Excessive Force Complaint dated 12/06/04 (IA 2004-06); (8) P.O.S.T. Confidential Profile Report for Jose Mejia; (9) Any training records, personnel evaluations and disciplinary files for Jose Mejia existing on the date of the incident, July 7, 2009, to five (5) years prior to the incident; (10) P.O.S.T. Confidential Profile Report for Shaun Manuele; and (11) Any training records, personnel evaluations and disciplinary files for Shaun Manuele existing on the date of the incident, July 7, 2009, to five (5) years prior to the incident.

21.   The documents referenced in Paragraph 20 are the proper subject of asserted privilege and this Court finds the documents produced pursuant to this

Law Office Of
Mark Pachowicz, APLC
771 Daily Dr, Ste. 230.
Camarillo, ca  93012
tel. (805) 987-4975

stipulation to be confidential and designated as "Confidential – Attorney's Eyes Only."

22.     Defendants may redact personal and irrelevant confidential information related to the defendants and third parties not related to the incident that is the subject matter of this litigation, contained in such personnel files and documents, such as, but not limited to, home addresses, phone numbers, names of family members, personal injury and workers' compensation information, salary information, tax return information, non-police-related occupational and educational information, and similar information.

**Miscellaneous Provisions**

23.     The Defendants make no concessions as to the admissibility of such items herein disclosed and reserve the right to seek exclusion of any such items or the information contained therein or their existence either in limine or during trial.

24.     This Protec_tive_ Order ~~is~~ controls the release of any information designated as  'sealed' during the depositions of Chief DeRosia, Commander Alvizo, Officer Felix, Officer Adams, Officer Manuele, Officer Mejia, Sergeant Nicholson, Officer Cervantes, Sergeant Flores, Sergeant Ortiz, Police Dispatcher R. Garcia, Officer Glenn and any future depositions where subjects addressed and protected pursuant to the requested Protective Order.

25.     It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties are relying upon the terms and conditions of the Protective Order.

26.     Any documents or information therefrom originating out of any personnel file, as defined by California Penal Code §§ 832.5, 832.7 and 832.8, will be designated as "Confidential – Attorney's Eyes Only."

27.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.  This

**Law Office Of
Mark Pachowicz, APLC**
771 Daily Dr, Ste. 230,
Camarillo, ca  93012
tel. (805) 987-4975

STIPULATION FOR PROTECTIVE ORDER                                    CASE NO.: 1:10-CV-1203-AWI-JLT

Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this case.

**Disclosure**

28.    The Defendants are to disclose the confidential file identified as "Officer Involved Shooting dated 07/07/09 (IA 2009-07)" within three Court days of the Court's entry of this Order.  The Defendants are to disclose all confidential documents identified in Paragraph 20 within two (2) weeks of the Court's entry of this Order.

## ORDER

The Protective Order, as modified by the Court in paragraphs 16, 17 and 24, is **GRANTED**.

IT IS SO ORDERED.

Dated:   **May 26, 2011**                              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

**Law Office Of**
**Mark Pachowicz, APLC**
771 Daily Dr, Ste. 230.
Camarillo, ca  93012
tel. (805) 987-4975

**-10-**

STIPULATION FOR PROTECTIVE ORDER                              CASE NO.: 1:10-CV-1203-AWI-JLT

1

2

**EXHIBIT A**

3

4   I, _____, do solemnly swear that I am fully

5   familiar with the terms of the Stipulated Protective Order entered in this action,

6   *Morales et al. v. City of Delano, et al.*, Case No. 1:10-cv-01203-AWI-JLT, and

7   hereby agree to comply with and be bound by the terms and conditions of the said

8   Protective Order with respect to handling, use and disclosure of each Confidential

9   Document.  I hereby consent to the jurisdiction of said Court for purposes of

10  enforcing this non-disclosure Protective Order.

11

12  Dated:_____        Signature:_____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Law Office Of
Mark Pachowicz, APLC**
771 Daily Dr, Ste. 230.
Camarillo, ca  93012
tel. (805) 987-4975

**STIPULATION FOR PROTECTIVE ORDER**                                    **CASE NO.: 1:10-CV-1203-AWI-JLT**