IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUELA CANCINO CONTRERAS MORALES, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF DELANO, et al., <br><br> Defendants. | Case No. 1:10-cv-1203-AWI-JLT <br><br> ORDER GRANTING IN PART AND DENYING IN PART STIPULATION TO AMEND SCHEDULING ORDER <br><br> (Doc. 40) |

**I.  Background**

Before the Court is the joint request to amend the scheduling order to extend all deadlines through the dispositive motion deadlines. (Doc. 40) The parties report that they are scheduled to attend mediation on August 5, 2011 and, therefore, wish to avoid incurring any unnecessary costs until they determine whether settlement may be achieved. Id. at 1-2.

The Court notes that the parties reported in their joint scheduling conference statement, filed on December 1, 2010, that they were interested in discussing settlement and were committed to attending mediation in May 2011. (Doc. 31 at 22) In the current stipulation, they provide no explanation why they did not complete the mediation in May or why the settlement

1 efforts have been so extensively delayed.

2 Notably, in the scheduling order, the Court admonished the parties,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 20 at 7.) Upon this backdrop, the Court will consider the parties' request.

**II.   Analysis**

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, **because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference** . . ." Jackson, 186 F.R.D. at 608, emphasis added.   Because the parties indisputably committed to pursue mediation 6 months ago, finally engaging in it is not an "unanticipated" circumstance. Jackson, 186 F.R.D. at 608.

Moreover, the proposed dates provided in the stipulation would, by necessity, force a change in the date for the pretrial conference and the trial.  Nevertheless, the parties have failed

to provide any viable justification for this delay in the trial.  Though the Court applauds the parties' desire to resolve this matter and enthusiastically encourages this pursuit, the Court cannot tolerate such a disruption that the proposed amendments would impose on it.

On the other hand, the Court is mindful of the skyrocketing costs of litigation and the devastating impacts it can have on the public fisc and encourages avoiding wasteful expenditure of these resources.  Therefore, based upon the foregoing, the Court will **GRANT IN PART** and **DENY IN PART** the stipulation to amend the scheduling order. The scheduling order is amended to include the following deadlines:

| | |
|---|---|
| Joint expert disclosure: | July 25, 2011 |
| Joint expert rebuttal disclosure: | August 15, 2011 |
| Expert discovery deadline: | September 5, 2011 |
| Non-dispositive motion filing deadline: | September 12, 2011 |
| Non-dispositive motion hearing deadline: | October 10, 2011 |

No other deadlines are amended by this Order.  The parties are advised that **<u>no further modifications of the scheduling order will be permitted absent a showing of exceptional good cause</u>**.

IT IS SO ORDERED.

Dated:   **June 17, 2011**              /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE