IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUELA CANCINO CONTRERAS MORALES, et al., | ) ) | Case No. 1:10-cv-1203-AWI-JLT |
| Plaintiffs, | ) ) ) | ORDER GRANTING IN PART REQUEST TO SEAL DOCUMENTS |
| vs. | ) ) | (Doc. 72) |
| CITY OF DELANO, et al. | ) ) | ORDER TO PLAINTIFFS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE |
| Defendants. | ) ) ) | IMPOSED FOR FAILURE TO COMPLY WITH THE PROTECTIVE ORDER |
| | ) | ORDER TO DEFENDANTS TO LODGE A STATEMENT RE: PLAINTIFF'S EXHIBIT 1 |

Before the Court is Plaintiff's  request to seal documents *already* filed on the public docket.  (Doc. 72)  The request is made in response to Defendant's request for sanctions (Doc. 68) for violations of the Court's protective order they contend were committed by Plaintiffs. (Doc. 39)

"A motion to seal documents that are not part of the judicial record, such as 'private materials unearthed during discovery,' is governed by Federal Rule of Civil Procedure 26(c)." Seals v. Mitchell, 2011 U.S. Dist. LEXIS 38654 at * 2-3 (N.D. Cal. Mar. 30, 2011).  The Court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678

1  (9th Cir. 2010).

2        To determine whether materials attached to a non-dispositive motion should be filed

3  under seal, the Court must evaluate whether there are compelling reasons that "outweigh the

4  general history of access and the public favoring disclosure." Pintos, at 678 (quoting Kamakana

5  v. City & County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). With this authority in mind,

6  the Court reviews the exhibits, or portions thereof, at dispute.

7  **A.**    **Exhibit 1**

8        This exhibit sets forth a home address for Officer Mejia. Under California law, this

9  information is strictly confidential under the Peace Officers' Bill of Right. Cal. Pen. Code. § 830

10  et seq. Though this confidentiality does not exist in federal court, the rationale for keeping peace

11  officer information confidential, is sound. Peace Officers should not be placed in fear for their

12  own safety or that of their spouses and children because of public disclosure of their personal

13  residential addresses. Thus, Plaintiff's erred by filing Exhibit 1 into the public docket without

14  first seeking an order sealing this information.

15        Plaintiffs' argument that Defendants were obligated to demonstrate that the address listed

16  on Exhibit 1 is current before Plaintiffs were required to seek a sealing order, misses the point.

17  This sort of information is exactly the type for which the protective order was issued. The time

18  for debating whether this information should be confidential under the protective order, has

19  passed. Thus, the Court will order Doc. 60-1 stricken from the public record. The Court will

20  order the address contained on the exhibit to be **SEALED**. Within two court days of the service

21  of this order, Plaintiffs are **ORDERED** to file a redacted copy of the document with the address

22  of the officer completely obliterated.

23  **B.**    **Exhibit 5, page 189, Exhibit 6 p. 89, Exhibit 10, page 135**

24        Though Exhibit 5, page 189 (Doc. 60-5 at 35), Exhibit 6, page 89 (Doc. 60-6 at 6) and

25  Exhibit 10, page 135 (Doc. 60-10 at 15), contain information regarding the events at issue here,

26  there is no compelling reason that it should be kept from the public view. The information is not

27

confidential and it bears on the events which give rise to the death of Plaintiffs' decedent.  Thus, the request to seal these documents is **DENIED**.

**C.     Exhibit 11, pages 121, 122, 126, 127**

On pages 121, 126 and 127, there is discussion in the transcript related to training provided by the Delano Police Department. Likewise, at page 122 (excluding lines 23-25), there is discussion about whether unnamed officers have suffered discipline regarding other undescribed events.  There is nothing in these pages that convince the Court that they should be sealed.  Therefore the request to seal these pages (excluding lines 23-25 on page 122) is **DENIED**.

However, lines 23 to 25 of page 122, once again, delve into confidential personnel records of a peace officer.  The question asked and the answer bear on liability issues of the entity but is improperly publicly disclosed.  Therefore, Exhibit 11 **SHALL** be stricken from the public record.  The Court **ORDERS** lines 23 to 25 of page 122 of Exhibit 11 to be **SEALED**. Within two court days of the service of this order, Plaintiffs are  **ORDERED** to file a redacted copy of Exhibit 11 with lines 23 to 25 of page 122 completely obliterated.

**D.     Exhibit 18**

Exhibit 18 contains certain portions of a deposition of an Internal Affairs investigation. These investigations are confidential and are not publicly available for sound reasons.  Officers and witnesses must be free to participate in these investigations without fear of retaliation. Moreover, the California Supreme Court in Lybarger v. City of Los Angeles, 40 Cal.3d 822 (1985), emphasized the compulsory nature of Internal Affairs investigations. Part of the underlying rationale for the Lybarger decision was that the investigations would remain confidential. Thus, the Court finds a compelling reason to protect the confidentiality of the Internal Affairs investigation.  As a result, Exhibit 18 is **STRICKEN** from the public docket. Instead, the Court will order the following portions sealed:

1.     Lines 17-23 of page 26 (Doc. 60-18 at 7);

2.      Lines 3-23 of page 28 (Doc. 60-18 at 8);

3.      Lines 7-22 of page 71 (Doc. 60-18 at 9);

4.      Lines 2-11 of page 72 (Doc. 60-18 at 10);

5.      All of page 78 (Doc. 60-18 at 11).

Within two court days of the service of this order, Plaintiffs are **ORDERED** to file a redacted copy of Exhibit 18 with these portions obliterated.

## ORDER

For the reasons set forth above, the Court **ORDERS**;

1.      Within two days of service of this order, Plaintiffs **SHALL** lodge with the Court, to JLTOrders@caed.uscourts.gov, electronic copies of Exhibits 1, 11 and 18 to the Declaration of Lanny Tron;

2.      Exhibit 1 to the Declaration of Lanny Tron, SHALL be **STRICKEN** from the public docket. (Doc. 60-1);

      a.      The Court Clerk **SHALL** file under **SEAL** the address information contained on Doc. 60-1;

      b.      Plaintiff's **SHALL** re-file a redacted, public version of Exhibit 1, consistent with this order, within two court days of service of this order;

3.      Exhibit 11 to the Declaration of Lanny Tron, SHALL be **STRICKEN** from the public docket. (Doc. 60-11)

      a.      The Court Clerk **SHALL** file under **SEAL** lines 23 to 25 of page 122 (Doc. 60-11 at p. 10, lines 23-25);

      b.      Plaintiff's **SHALL** re-file a redacted, public version of Exhibit 11, consistent with this order, within two court days of service of this order;

4.      Exhibit 18 to the Declaration of Lanny Tron, SHALL be **STRICKEN** from the public docket. (Doc. 60-18)

      a.      The Court Clerk **SHALL** file under **SEAL** the following:

4

| | | |
|---|---|---|
| 1 | i. | Lines 17-23 of page 26 (Doc. 60-18 at 7); |
| 2 | ii. | Lines 3-23 of page 28 (Doc. 60-18 at 8); |
| 3 | iii. | Lines 7-22 of page 71 (Doc. 60-18 at 9); |
| 4 | iv. | Lines 2-11 of page 72 (Doc. 60-18 at 10); |
| 5 | v. | All of page 78 (Doc. 60-18 at 11). |

b.    Plaintiff's **SHALL** re-file a redacted, public version of Exhibit 18, consistent with this order, within two court days of service of this order;

5.    In all other respects, the Request to Seal (Doc. 72) is **DENIED**.

6.    Within 14 days of service of this order, Plaintiffs **SHALL** show cause why sanctions should not be imposed for their failure to comply with the protective order;

7.    Within 14 days of service of this order, Defendants **SHALL** lodge a letter to the Court to JLTOrders@caed.uscourts.gov, with a copy to Plaintiffs' counsel, detailing whether the address set forth in Exhibit 1 to the Declaration of Lanny Tron is the current address for Officer Mejia.

IT IS SO ORDERED.

Dated:   **November 4, 2011**                          **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE