IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUELA CANCINO CONTRERAS MORALES, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF DELANO, et al. <br><br> Defendants. | Case No. 1:10-cv-1203-AWI-JLT <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE <br><br> (Doc. 74) |

**I.    Background**

On November 4, 2011, the Court ordered Plaintiffs to show cause why sanctions should not be imposed for their failure to comply with the Court's protective order. (Doc. 74) In particular, Plaintiffs filed documents into the public record that were covered the protective order issued by the Court on February 23, 2011. (Doc. 39) At the same time, the Court required Defendants to provide clarification as to whether an address contained on one of the documents that was publicly filed by Plaintiffs, actually was a defendant's correct address. (Doc. 74) On November 18, 2011, Plaintiffs filed their response. (Doc. 79) Likewise on this same date, Defendants lodged their response.

///

**II.   The Court has the inherent authority to impose sanctions for a party's failure to comply with its orders.**

District courts may impose sanctions as part of their "inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992). Moreover, this Court's Local Rules provide, "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.

Plaintiffs argue that sanctions should not be imposed for several reasons. Plaintiffs explain that they mistakenly filed the documents, apparently as a result of negligence. (Doc. 79 at 2)  They provide no further details about how this mistaken filing occurred and the Court can only surmise that counsel simply forgot that certain documents produced in this litigation have been ordered to be maintained as confidential.

Notably, in their stipulated protective order, counsel agreed that they would "take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to only those persons authorized by the Protective Order." (Doc. at 5)  Thus, the parties *anticipated* that negligence was a risk and sought to mitigate against it. The suggestion that "all reasonable and necessary efforts" would not include something as basic as creating a segregated file of "confidential" evidence or marking these documents in such a way as to prevent their inadvertent disclosure seems unlikely.

On the other hand, Plaintiffs imply that they have a limited obligation under the protective order and that, instead, the true burden is on Defendants to be vigilant as to any breach of the order.  They argue also that the misfiled documents were not really all that confidential because Defendants did not immediately act to have them removed from the docket.  In doing so, they seem to argue that the Court's order *requiring* that they maintain the documents as

confidential can be ignored in certain instances; clearly not. Each party was ordered to maintain the confidentiality of all protected records irrespective of the conduct of other parties and to do so until the Court excuses compliance with the protective order. Without doubt, counsel's obligation to comply with the Court's orders is absolute.

Moreover, Plaintiffs' seem unfazed by the imposition placed on the Court due to their failing to request that the documents be sealed *before they were filed*. Rather than allowing a reasonable amount of time for the Court to act, this after-the-fact motion required the Court to immediately turn its attention from the pressing matters before it and, instead, focus the Court's efforts on their request. The burden this placed on the Court, cannot be ignored.

Nevertheless, the Court acknowledges Plaintiffs' immediate response once their error had been made known to them. The Court recognizes that this response supports Plaintiffs' claims here that they did not willfully flout the Court's order but, instead, acted negligently. The Court finds this a mitigating factor when evaluating whether sanctions should be imposed.

On the other hand, like Plaintiffs, the Court is at a loss to understand why Defendants did not act more quickly to address the situation caused by Plaintiffs' disclosure. Had Defendants immediately contacted Plaintiffs or sought the immediate intervention of the Court, any risks posed by the disclosure could have been minimized. The Court presumes that this failure was not tactically motivated.

Indisputably, the purpose of the protective order issued in this case, was to protect certain information from entering the public domain. Some of the information was deemed confidential because its release could subject those involved to harassment or embarrassment. Some was protected because release could pose a risk of physical danger to the parties. The Court cannot emphasize strongly enough the obligation of *all* parties to treat *all* protected information produced in this case in the manner agreed to by counsel and ordered by the Court.

Nevertheless, the Court does not issue monetary sanctions at this time. To be clear, had the Court not learned that the address reflected on a protected document <u>was not</u> a current

3

1  address for any named Defendant, the Court would not have hesitated to impose hefty sanctions.
2  However, given the Court's finding that the disclosure here was due to great negligence rather
3  than purposeful conduct, and in light of Defendants' mistake in not taking immediate action to
4  address the wrongful publication, there appears to be enough blame to go around.  In taking this
5  course, the Court does not minimize the risk posed to the current residents at the address listed
6  on the protected document.  More importantly, the Court <u>does not</u> condone Plaintiffs' conduct
7  and <u>will not tolerate</u> it in the future.

    Plaintiffs and their counsel are admonished that any further violation of the protective
SHALL result in the imposition of sanctions.

**ORDER**

For the reasons stated, the order to show cause is hereby **DISCHARGED**.

IT IS SO ORDERED.

Dated:   **December 15, 2011**                              /s/ Jennifer L. Thurston
                                                                         UNITED STATES MAGISTRATE JUDGE

4